UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

Sheila M. Acevedo,
and other similarly situated individuals,

    Plaintiff (s)
v.

Mercado Santiago, Inc.
and Enrique Santiago, individually,

    Defendants,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Sheila M. Acevedo and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Mercado Santiago, Inc., and Enrique Santiago, individually and alleges:

Jurisdictional Allegations

1. This is an action to recover money damages for regular and overtime unpaid wages under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Sheila M. Acevedo is a resident of Duval County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Mercado Santiago, Inc. (from now on, Mercado Santiago, or Defendant) is a Florida corporation having a business in Duval County, Florida. Defendant is engaged in interstate commerce.

4. Individual Defendant Enrique Santiago is the owner/partner/and manager of Defendant Corporation Mercado Santiago. This individual Defendant is the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. The Employer Mercado Santiago was engaged in interstate commerce within the meaning of the FLSA and as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Defendant is a transportation company and participates in interstate commerce through its business activity. Defendant had more than two employees recurrently engaged in commerce or the production of goods or services for commerce. The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to their employees. Upon information and belief, the annual gross revenue of the

Employer/Defendant was always More than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

6. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff's work for Defendant likewise affects interstate commerce. Plaintiff was a local driver, and through her daily activities, she regularly handled or otherwise worked on goods and/or materials that had been moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

7. At times mentioned, individual Defendant Enrique Santiago was the owner/partner, and he directed Mercado Santiago's operations. Defendant Enrique Santiago was the employer of Plaintiff and other similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of Mercado Santiago concerning its employees, including Plaintiff and others similarly situated. Defendant Enrique Santiago had financial and operational control of the business and provided Plaintiff with her work schedule. He is jointly and severally liable for Plaintiff's damages.

8. All the actions raised in this complaint occurred in Duval County, Florida, within this Court's jurisdiction.

Collective Action Allegations

9. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

10. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every regular hour worked and overtime hours worked at the rate of time and one-half their regular rate.

11. This action is intended to include mail carrier, postman, postwoman, and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

12. Plaintiff Sheila M. Acevedo re-adopts every factual allegation stated in paragraphs 1-11 above as if set out in full herein.

13. This cause of action is brought by Plaintiff Sheila M. Acevedo as a collective action to recover from Defendant overtime wages, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty

(40) hours during one or more weeks on or after May 2021, (the "material time") without being adequately compensated.

14. Defendant Mercado Santiago is a private motor carrier providing transportation of regular mail, express mail, and packages to the United States Postal Service. Defendant is a contractor for the U.S. Postal Service (USPS). In addition to the Service Contract Act of 1965, Defendant is subjected to the Fair Labor Standards Act (29 U.S.C. 201-219), including all its pertaining regulations.

15. Defendants Mercado Santiago and Enrique Santiago employed Plaintiff Sheila M. Acevedo from approximately May 03, 2021, to August 15, 2022, or 67 weeks.

16. Plaintiff was hired as a non-exempted, full-time, hourly employee. Plaintiff's wage rate was $16.73 an hour.

17. Plaintiff performed her work at the U.S. Post Office located at 11250 Phillips Industrial Lane, Jacksonville 32256.

18. Plaintiff had duties as a "local mail delivery driver," and she performed her duties on motor vehicles weighing 10,000 pounds or less.

19. Consequently, Plaintiff was covered under the Small Vehicle Exemption of the Motor Carrier Act, and she was entitled to be paid for overtime hours as established by the Fair Labor Standards Act.

20. While employed by Defendant, Plaintiff worked 6 days per week, more than 40 hours per week, without proper compensation. Plaintiff performed the same or similar duties as that of those other similarly situated "local mail delivery drivers" who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

21. Plaintiff worked 6 days per week, from Mondays to Saturdays from 9:00 AM to 4:30 PM (7.5 hours daily), or 45 hours weekly. Plaintiff could not take bonafide lunchtime.

22. Plaintiff worked in excess of 40 hours per week, but she was not properly compensated. The Plaintiff was not paid for all her overtime hours.

23. Plaintiff clocked in and out, and the Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Thus, Defendants should be in possession of time records.

24. Therefore, Defendant willfully failed to pay Plaintiff overtime at the rate of time and a half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

25. Plaintiff was paid bi-weekly with paystubs that did not provide accurate information about job classification, the number of days and hours worked, prevailing wage rate paid, etc.

26. On or about August 15, 2022, Plaintiff resigned from her position to pursue better employment opportunities.

27. The records, if any, concerning the number of hours worked by Plaintiff and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees, upon information and belief. Therefore, the Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

28. Plaintiff is not in possession of time records, but she will provide a good faith estimate about her unpaid overtime hours.

    *Please note that this amount is based on a preliminary calculation. Therefore, these figures could be subject to modification as discovery could dictate.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Eight Thousand Four Hundred Eight Dollars and 50/100 ($8,408.50)

    b. <u>Calculation of such wages</u>:

    Total period of employment: 67 weeks
    Relevant weeks of employment: 67 weeks
    Total hours worked: 45 hours weekly
    Total unpaid O/T hours: 5 O/T
    Regular rate:   $16.73 x 1.5=$25.10 O/T
    O/T rate: $25.10

    O/T $25.10 x 5 O/T hours=$125.50 weekly x 67 weeks= $8,408.50

    <u>Nature of wages (e.g., overtime or straight time):</u>

    This amount represents unpaid overtime wages.

29. At all times, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay Plaintiff at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

30. Defendants Mercado Santiago and Enrique Santiago knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above. Plaintiff is entitled to recover double damages.

31. Defendants Mercado Santiago and Enrique Santiago willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants.

32. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Sheila M. Acevedo respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Sheila M. Acevedo and against the Defendants Mercado Santiago and Enrique Santiago based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Sheila M. Acevedo actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Sheila M. Acevedo demands a trial by a jury of all issues triable as a right by a jury.

Date: October 18, 2022

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:	(305) 446-1500
Facsimile:	(305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*